## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| ROSALIE SMITH, | |
| Plaintiff, | MEMORANDUM DECISION AND ORDER |
| v. | |
| TRAVELERS HOME AND MARINE INSURANCE CO., | |
| Defendant. | Case No. 2:12CV734 DAK |

This matter is before the court on Plaintiff Rosalie Smith's ("Ms. Smith") Motion for Leave to File a First Amended Complaint. Ms. Smith seeks to add claims against a new Defendant, UDK Solutions, Inc., d/b/a Utah Disaster Kleenup ("UDK"). The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to local rule 7-1(f), the court has concluded that oral argument would not be helpful or necessary, and thus the court will determine the motion on the basis of the written memoranda. *See* DUCivR 7-1(f).

Defendant Travelers Home and Marine Insurance Company ("Travelers") opposes the motion, arguing that Ms. Smith's reason for moving to amend to add a non-diverse party is to destroy diversity jurisdiction, thereby forcing a remand of this case to state court. Moreover, Travelers Defendant contends, (1) Ms. Smith has been aware of the facts she claims support a claim against UDK since the time of the incident that gave rise to her claim against Travelers, (2) she will not be prejudiced by denial both because she can still file a claim against UDK in state court and because she can obtain full recovery for her alleged damages from Travelers and, finally, (3) Travelers' choice of a federal forum as a non-resident defendant should be respected.

Section 1447(e) of Title 28 of the United States Code provides: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e); *see also McPhail v. Deere & Co.* 529 F.3d 947, 951 (10th Cir. 2008).  The decision "whether or not to permit joinder of a defendant under these circumstances is committed to the sound discretion of the district court." *Houk v. Travelers Home and Marine Ins. Co.*, 2012 WL 5430979, *2 (D. Colo. Sept. 10, 2012) (quoting *Mayes v. Rapoport*, 198 F.3d 457, 462 (4th Cir.1999)).

Courts analyzing whether to permit or deny amendment to add a non-diverse party under §1447(e) have looked at several factors, including: (1) whether the purpose of amendment is to defeat jurisdiction; (2) if the plaintiff was dilatory in asking to amend; (3) whether the plaintiff will be significantly injured if amendment is not allowed, and (4) any other equitable factors. *Grabau v. Target Corp.*, 2006 WL 3838218, *2 (D. Colo. December 26, 2006) (citing *Mayes v. Rapoport*, 198 F.3d 457, 462 (4th Cir. 1999)).

While the court is cognizant of Travelers' interest in keeping the action in federal court, the court finds that strong equities support allowing the joinder of UDK as a party.[1]  First, the court is not persuaded that Ms. Smith's purpose of adding UDK is simply to destroy diversity. After Travelers removed the instant case from state court to federal court, it filed its Answer. Travelers' Thirteenth Affirmative Defense states that:

> Plaintiff's claims, or some of them, are barred by Plaintiff's own contributory fault, which exceeds the fault of Travelers and non-parties to whom fault must be

---

[1]  The court does not analyze whether UDK is an indispensible party under Rule 19 of the Federal Rules of Civil Procedure because the court would permit joinder whether UDK was found to be an indispensible party or not.

2

allocated. The percentage or proportion of fault attributable to Plaintiff and/or to others, whether or not joined as parties herein, should be determined by separate special verdicts pursuant to Utah Code Ann. § 78B-5-819, thereby barring or diminishing any recovery against Travelers.

Within a week of the filing of the Answer, Ms. Smith moved for leave to add UDK as a party, and thus, she was not dilatory in filing her motion. While she likely knew about her potential claim against UDK before filings the lawsuit, it was not until Travelers filed its Answer that Travelers' intent to allocate fault to UDK became clear. The court cannot find any bad faith in Ms. Smith's attempt to add UDK as a party in response to Travelers' affirmative defense.

Under Utah's Tort Liability Reform Act, Travelers may attempt to allocate fault to UDK. If UDK is not a party to the case, there is a possibility that fault could be allocated to a "phantom defendant" who is not there to defend itself, and Plaintiff's recovery (if any) could potentially be reduced. Therefore, in light of Travelers' notification that it will attempt to allocate fault to UDK, Plaintiff faces the possibility that she might not obtain a full recovery without the presence of UDK.

While Ms. Smith could potentially sue UDK in state court, it would be a waste of judicial resources and also prejudicial to Ms. Smith to require parallel lawsuits based on the same facts and claims. *See Houk v. Travelers Home and Marine Ins. Co.*, 2012 WL 5430979, *2 (D. Colo. Sept. 10, 2012) (Magistrate Judge's Report and Recommendation in which Magistrate Judge recommended granting Plaintiff's motion for joinder of non-diverse Defendant and then remanding case); *Houk v. Travelers Home and Marine Ins. Co.*, 2012 WL 5430947, *2 (D. Colo. Nov. 7, 2012) (District Judge's Order Adopting Report and Recommendation). Thus, this court concludes that this lawsuit is most efficiently tried in one court.

**CONCLUSION**

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's Motion for Leave to Amend [Docket No. 8] is GRANTED.   By no later than December 18, 2012, Plaintiff is directed to file her proposed Amended Complaint, adding claims against UDK and amending the caption accordingly.  After the Amended Complaint is filed, the Clerk of the Court is directed to Remand this case to Third District Court of Salt Lake County, State of Utah.

DATED this 12th day of December, 2012.

BY THE COURT:

DALE A. KIMBALL
United States District Judge

4